

MFD: USAO 2020R00423

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-307 |
| | * | |
| v. | * | (Theft of Government Property, |
| | * | 18 U.S.C. § 641; Aiding and |
| DEBORAH ROSETTA RAYFIELD, | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| Defendant | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

### INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to the charges in this Indictment:

1. **DEBORAH ROSETTA RAYFIELD** ("**RAYFIELD**") was a resident of Randallstown, Maryland.

2. The Social Security Administration ("SSA") was an agency of the United States Government that made monthly benefit payments to surviving spouses of deceased individuals who worked and paid taxes to SSA through its survivor's benefit program. To be eligible for monthly benefit payments as the surviving spouse of a deceased worker, a beneficiary must have been at least 60 years of age, and the beneficiary's spouse must have been a deceased individual who worked and paid a portion of their wages into the program.

3. Individual 1 was a Social Security survivor's benefit beneficiary who died on October 22, 2013, and was survived by Individual 1's daughter, **RAYFIELD**.

4. At the time of Individual 1's death, Individual 1 received survivor's benefit payments through a federal benefits debit card issued in Individual 1's name by Comerica Bank.

5. After Individual 1's death, **RAYFIELD** regularly spent the monthly benefits payments, either through ATM withdrawals or retail purchases.

6. After Individual 1's death, neither **RAYFIELD** nor any other individual was entitled to receive Individual 1's survivor's benefit payments on Individual 1's behalf.

7. Because SSA was not aware of Individual 1's death, SSA continued to make survivor's benefit payments to Individual 1, and **RAYFIELD** continued to spend them until July 2018, when Comerica Bank was notified of Individual 1's death and deactivated the debit card.

8. In total, **RAYFIELD** spent at least $70,835 in survivor's benefit payments made to Individual 1 after Individual 1's death to which she was not entitled.

## The Charge

9. Between in or about October 2013 and in or about July 2018, in the District of Maryland, the defendant,

**DEBORAH ROSETTA RAYFIELD,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Social Security Title II survivor's benefit payments to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

2.  Upon conviction of the offense set forth in Count One of the Indictment, the defendant,

**DEBORAH ROSETTA RAYFIELD,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, a money judgment of at least $70,835 in U.S. currency.

3.  If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**Signature Redacted**  

9/16/20
Date

4